IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CAROLYN SUMMERS, individually and by and through her Next Friend, Carol Samson, and CAROL SAMSON, the Personal Representative of the Estate of Carl Lee DeBrodie, <br><br> Plaintiffs, <br><br> vs. <br><br> SECOND CHANCE HOMES, LLC, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Case No. 2:18-CV-04044-MDH ) ) FILED UNDER SEAL ) ) |

## JUDGMENT APPROVING WRONGFUL DEATH SETTLEMENT

Now on this 11th day of November, 2018, comes on for hearing Plaintiffs' Application for Approval of Wrongful Death Settlement. Plaintiffs appear by counsel and in person, and Defendants appear by counsel. Mary Martin appears in person and by counsel. Bryan Martin appears by counsel. Trial by jury is waived by all parties. The Court, having heard evidence and testimony as to the merit of said claim in open court, and being fully advised in the premises, finds as follows:

1.  Plaintiff, Carolyn Summers, is the sole surviving parent of decedent, Carl Lee DeBrodie. Carl DeBrodie is not survived by any spouse or children. Plaintiff, Carol Samson, is the personal representative of the Estate of Carl Lee DeBrodie. Carolyn Summers has designated Carol Samson to exercise her durable power of attorney and has also designated Carol Samson to be her Next Friend in this matter.

2.  There are no other individuals eligible to make a claim for the death of Carl Lee DeBrodie as defined in § 537.080(1), RSMo, other than the Plaintiff listed above.

1

3. Bryan and Mary Martin ("the Martins") received notice of the settlement approval hearing pursuant to RSMo §537.095, and Mary Martin appears by counsel and in person. Bryan Martin appears by counsel. The Martins sought to intervene in this matter, claiming to belong to the Class I beneficiaries eligible to make a claim under § 537.080(1), RSMo. This Court found that the Martins' claim is not recognized under Missouri law, and that the Martins had no right to intervene or participate in this wrongful death claim, and did not belong in the class of beneficiaries under § 537.080(1), RSMo. *See Order, dated July 30, 2018*. (Doc. 127).

4. This Court finds that Plaintiff Carolyn Summers as Next Friend and pursuant to her authority under the durable power of attorney of Carolyn Summers is authorized, pursuant to RSMo §537.095, to pursue and attempt to compromise on behalf of Carolyn Summers the claim for the alleged wrongful death of Carl DeBrodie on behalf of the entire class of persons permitted to recover therefor.

5. The Court finds that entry of this Judgment is in the best interest of justice and in the best interests of the class of beneficiaries entitled to recover for the alleged wrongful death of Carl DeBrodie under RSMo §537.080

6. On or about October 30, 2016, Carl DeBrodie died, allegedly as a result of certain negligent acts and omissions by the Defendants, and an alleged failure to provide emergency life-saving measures or medical services in Fulton, Callaway County, Missouri.

7. Carl DeBrodie's death is alleged to have been concealed from Plaintiff and the public until his body was ultimately found on or about April 24, 2017.

8. During the period of June 2016 to February 2017, Defendant Second Chance Homes of Fulton, LLC, Defendant Rachel Rowden, Defendant Sherry Paulo, Defendant Anthony

Flores, Sr., and Defendant Melissa Delap were insured by Berkshire Hathaway Specialty Insurance Company ("Berkshire"), which has disputed the applicable coverage and limits in this matter.

9. During the period of February 2017 until at least the time Carl DeBrodie's body was discovered, Defendant Second Chance Homes of Fulton, LLC, Defendant Rachel Rowden, Defendant Sherry Paulo, Defendant Anthony Flores, Sr., and Defendant Melissa Delap were insured by Selective Insurance Company of South Carolina ("Selective"), which has disputed the applicable coverage and limits in this matter.

10. Plaintiff, individually and on behalf of all individuals as defined in § 537.080(1), RSMo, has negotiated with representatives of Defendant Second Chance Homes of Fulton, LLC, Defendant Rachel Rowden, Defendant Sherry Paulo, Defendant Anthony Flores, Sr., and Defendant Melissa Delap to settle in full compromise, settlement, and release on behalf of all individuals having the right to pursue the wrongful death claim at issue, based upon the alleged acts and omissions of Defendant Second Chance Homes of Fulton, LLC, Defendant Rachel Rowden, Defendant Sherry Paulo, Defendant Anthony Flores, Sr., and Defendant Melissa Delap with respect to the wrongful death claim.

11. A copy of the <u>Settlement Agreement and Release</u> between Plaintiff, Defendant Second Chance Homes of Fulton, LLC, Defendant Rachel Rowden, Defendant Sherry Paulo, Defendant Anthony Flores, Sr., and Defendant Melissa Delap, including the terms thereof and associated distribution has been reviewed by the Court, and the Court expressly approves thereof. A copy of the <u>Settlement Agreement and Release</u> is attached to this Order as Exhibit 1 under seal.

12. During the aforementioned time periods, Defendant Callaway County Public Administrator's Office and Defendant Callaway County Special Services were insured by the

3

Case 2:18-cv-04044-MDH   Document 177   Filed 12/05/18   Page 3 of 8

Missouri Public Entity Risk Management Fund ("MOPERM"), who has disputed the applicable coverage and limits in this matter, and has raised several issues of immunity.

13. Plaintiff, individually and on behalf of all individuals as defined in § 537.080(1), RSMo, has negotiated with representatives of Defendant Callaway County Special Services to settle in full compromise, settlement, and release on behalf of all individuals having the right to pursue the wrongful death claim at issue, based upon the alleged acts and omissions of Defendant Callaway County Special Services with respect to the wrongful death claim.

14. A copy of the <u>Settlement and Release of All Claims</u> between Plaintiffs, Defendant Callaway County Public Administrator's Office and Defendant Callaway County Special Services including the terms thereof and associated distribution has been reviewed by the Court, and the Court expressly approves thereof. A copy of the <u>Settlement and Release of All Claims</u> is attached to this Order as Exhibit 2 under seal.

15. As part of the settlement, Defendants Callaway County Public Administrator's Office's and Callaway County Special Services' carrier, MOPERM, have agreed to purchase a structured settlement annuity on behalf of Plaintiff Carolyn Summers, payable to the Carolyn Summers Family Trust dated November 2, 2018, through New York Life Insurance Company in an amount described in aforementioned <u>Settlement and Release of All Claims</u>. The purchase shall be by way of a qualified assignment in accordance with Section 130 of the Internal Revenue Code. In addition, Defendants Second Chance Homes of Fulton, LLC, Rachel Rowden, Sherry Paulo, Anthony Flores, Sr., and Melissa Delap's carrier, Berkshire, have agreed to purchase a structured settlement annuity on behalf of Plaintiff Carolyn Summers, payable to the Carolyn Summers Family Trust dated November 2, 2018, through New York Life Insurance Company in an amount

described in aforementioned <u>Settlement Agreement and Release</u>. The purchase shall be by way of a qualified assignment in accordance with Section 130 of the Internal Revenue Code.

16. Such settlement is in the best interest of the parties, and in the best interests of the class of persons entitled to recover for the alleged wrongful death of Carl DeBrodie, and is fair, equitable, and adequate, and such agreement is expressly approved by the Court.

17. As representative of the class of individuals set forth herein, Carol Samson, acting on behalf of Carolyn Summers, has retained the services of Carson & Coil, P.C., and has entered into a contingent fee contract for attorney's fees in this matter. The Court has reviewed the fees, which amount to one-third (1/3) of the total recovery, and expenses (totaling $3,340.84) associated with said representation and finds that the attorney's fees calculated on the basis of the cost of the annuities described, plus other amounts paid in the settlement and expenses are fair, reasonable, necessary, and not disproportionate to the recovery obtained.

18. The Court has been advised of Plaintiff Carol Samson's intention to use a portion of the proceeds to fund a 501(c) not-for-profit corporation to provide for the needs of the decedent's sister and potential others in need of support. The Court neither approves nor disapproves of that plan, but reminds the Next Friend of her obligation to act consistent with her duties pursuant to the durable power of attorney after considering the best interests, needs, and wishes of Carolyn Summers.

19. Plaintiff Carol Samson is hereby authorized and ordered to execute all necessary Releases in representing Carolyn Summers, sole member of the class of persons entitled to recover for the alleged wrongful death of Carl DeBrodie, thereby releasing all claims which Plaintiff or any other member of the class have or may have against these Defendants.

20. Upon receipt of the payments approved herein, all claims of Plaintiff Carolyn Summers and any member of the class of persons entitled to recover for the alleged wrongful death of Carl DeBrodie against these Defendants shall be deemed discharged and released, including the release of any entity to the extent its liability is based upon any acts of any of the released parties herein and including the release of any party entitled to indemnity by any of the other parties released herein.

21. Upon receipt of the payments approved herein, all claims arising out of violations of the civil rights of Carl Lee DeBrodie or Plaintiffs' claims for Rights of Sepulcher arising out of the death of Carl Lee DeBrodie against these Defendants shall be deemed discharged and released to the extent their liability is based upon any acts of any of the released parties herein and including the release of any party entitled to indemnity by any Defendants released by the parties herein.

**NOW THEREFORE**, the Court being fully advised in the premises, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

A. The Court does hereby approve said settlement as described above and with respect to Defendant Second Chance Homes of Fulton, LLC, Defendant Rachel Rowden, Defendant Sherry Paulo, Defendant Anthony Flores, Sr., and Defendant Melissa Delap, and does hereby authorize and order Plaintiffs to enter into and sign the <u>Settlement Agreement and Release</u> with respect to those Defendants, a copy of which to be filed separately under seal.

B. Defendants Second Chance Homes of Fulton, LLC, Rachel Rowden, Sherry Paulo, Anthony Flores, Sr., and Melissa Delap's carrier, Berkshire, shall purchase a structured settlement annuity on behalf of Plaintiff Carolyn Summers, payable to the Carolyn Summers Family Trust dated November 2, 2018, through New York Life Insurance Company in an amount described in

aforementioned Settlement Agreement and Release. The purchase shall be by way of a qualified assignment in accordance with Section 130 of the Internal Revenue Code.

      C.      The Court does hereby approve said settlement as described above and with respect to Defendant Callaway County Public Administrator's Office and Defendant Callaway County Special Services, and does hereby authorize and order Plaintiffs to enter into and sign the Settlement and Release of All Claims with respect to those Defendants, a copy of which is to be filed separately under seal. Defendants Callaway County Public Administrator's Office's and Callaway County Special Services' carrier, MOPERM, shall purchase a structured settlement annuity on behalf of Plaintiff Carolyn Summers, payable to the Carolyn Summers Family Trust dated November 2, 2018, through New York Life Insurance Company in an amount shown in the Settlement and Release of All Claims between those parties. The purchase shall be by way of a qualified assignment in accordance with Section 130 of the Internal Revenue Code. The terms of this purchase shall be further described in the Settlement and Release of All Claims between those parties.

      D.      Plaintiff Carol Samson, on behalf of Carolyn Summers, shall file with the Court a Memorandum of Receipt acknowledging receipt of the settled sums and report to this Court payment of fees and expenses as provided in this judgment and as shown in the separately filed Settlement Proceeds and Distribution document that has been reviewed and approved by this Court.

      E.      Plaintiff Carol Samson shall satisfy all other liens, to the extent such liens may exist, arising out of the death of Carl Lee DeBrodie.

F. Plaintiff Carol Samson shall pay attorney's fees and expenses to the law firm of Carson & Coil as described in paragraph 17, which are expressly approved by the Court, from settlement proceeds as approved in this judgment

G. Proceeds of the settlement as detailed in the <u>Settlement Agreement and Release</u> (Ex. 1) and <u>Settlement and Release of All Claims</u> (Ex. 2), filed under seal, after payment of attorney's fees, expenses and the costs of the structured settlement, shall be paid to Carol Samson as Next Friend of Carolyn Summers for the use and benefit of Carolyn Summers and used in a way consistent with her authority and duty as provided in the durable power of attorney.

H. Each party to bear its own costs in this action.

I. Upon completion of the tasks herein outlined, Carol Samson will be released from her obligations as Next Friend of Carolyn Summers for purposes of this litigation

**IT IS SO ORDERED.**

DATED: December 5, 2018

                                          /s/Douglas Harpool
**M. Douglas Harpool**
**United States District Judge**